FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ JAN 11 2012 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
SAVITRI V. RAMLOGAN,

        Plaintiff,

   -against-

1199 SEIU,

        Defendant.
---------------------------------------------------------------X

CV-11-0125 (SJF)(WDW)

**OPINION & ORDER**

FEUERSTEIN, J.

On or about December 13, 2010, *pro se* plaintiff Savitri V. Ramlogan ("plaintiff") commenced this action against defendant 1199 SEIU ("defendant") in the Civil Court of the City of New York, County of Queens, seeking six thousand dollars ($6,000.00), plus interest from May 11, 2010, for defendant's "[f]ailure to provide services and Breach of contract." (Summons with Endorsed Complaint ["Compl."]). On January 7, 2011, defendant removed the action to this Court pursuant to this Court's original jurisdiction under 28 U.S.C. § 1331 on the grounds, *inter alia*: (1) that plaintiff's entitlement to relief turns solely on the interpretation of a collective bargaining agreement ("CBA") between defendant and plaintiff's employer under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185; and (2) that plaintiff's claim against it can only be for breach of its duty of fair representation, which is governed by the National Labor Relations Act ("NLRA"). Following the removal of the action to this Court, defendant moved pursuant to Rule 12(e) of the Federal Rules of Civil Procedure for a more definite statement of plaintiff's claim. After plaintiff submitted opposition to that motion

1

indicating, *inter alia*, that this action "concerns a disputed meeting held on May 11, 2010 to determine whether the defendant was required to arbitrate the [employment] disputes at issue pursuant to [the CBA]," (Plaintiff's "Notice of Motion" dated February 9, 2011 ["Statement of Claim"], at 1-2), defendant withdrew its motion for a more definite statement, deeming plaintiff's statement of her claim in her opposition to be her complaint.

Defendant now moves pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the complaint for failure to state a claim for relief. Plaintiff has not opposed the motion.[1] For the reasons stated herein, defendant's motion is granted.

I. Background

    A. Factual Background[2]

Defendant is a labor organization within the meaning of the NLRA, 29 U.S.C. § 152(5), and represents employees in an industry affecting commerce within the meaning of the NLRA. (Petition for Removal [Rem.], ¶ 4; Statement of Claim, ¶ 4). Defendant is the collective bargaining agent of health care employees in the states of New York, New Jersey, Massachusetts, Maryland and Florida, as well as in the District of Columbia, including those employed by

---

[1] Rather than submitting any response to defendant's motion to dismiss, plaintiff unsuccessfully sought to enjoin defendant from "submitting motions with without [sic] merit that is [sic] irrelevant to the * * * complaint." (Doc. No. 11). Although the Court refused to grant plaintiff the relief she sought in April 2011, plaintiff never filed any other response to the motion to dismiss, nor sought an extension of time within which to do so.

[2] As is required on a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the factual allegations in the complaint and plaintiff's statement of his claim, though disputed by defendants, are accepted to be true for purposes of this motion, and all reasonable inferences are drawn therefrom in favor of plaintiff. They do not constitute findings of fact by this court.

Franklin Hospital Medical Center of North Shore ("the Hospital"). (Rem., ¶¶ 4-5; Statement of Claim, ¶¶ 4-5).

Plaintiff was employed by the Hospital, and was a member of the bargaining unit represented by defendant, until May 2010, when the Hospital terminated her employment for cause. (Rem., ¶¶ 5-6; Statement of Claim, ¶¶ 5-6). The terms and conditions of plaintiff's employment are set forth in a CBA between defendant and the Hospital. (Rem., ¶ 7).

After the Hospital terminated plaintiff's employment, defendant filed a grievance contesting the termination on her behalf. (Rem., ¶ 8). Upon the Hospital's denial of the grievance, defendant refused to arbitrate the matter on the basis that it lacked merit. (Rem., ¶ 8).

B.  Procedural History

On or about December 13, 2010, plaintiff commenced this action against defendant in the Civil Court of the City of New York, County of Queens, seeking six thousand dollars ($6,000.00), plus interest from May 11, 2010, for defendant's "[f]ailure to provide services and Breach of contract." (Compl.). On January 7, 2011, defendant removed the action to this Court pursuant to this Court's original jurisdiction under 28 U.S.C. § 1331 on the grounds, *inter alia*, that plaintiff's entitlement to relief turns solely on the interpretation of the CBA between defendant and the Hospital under Section 301 of the LMRA, 29 U.S.C. § 185, and that her claim against it could only be based upon its duty of fair representation under the NLRA.

Thereafter, defendant moved pursuant to Rule 12(e) of the Federal Rules of Civil Procedure for a more definite statement of plaintiff's claim. In her opposition to that motion, plaintiff indicated, *inter alia*: (1) that this action "concerns a disputed meeting held on May 11,

2010 to determine whether the defendant was required to arbitrate the [employment] disputes at issue pursuant to [the CBA]," (Statement of Claim, at 1-2); (2) that her claim refers to the CBA, (Statement of Claim, at ¶ 6); (3) that defendant "violated the rules of conduct set forth in [the CBA] to such an extent that the violation(s) affected the outcome of the plaintiff's employment," (Statement of Claim, at ¶ 7); (4) that "defendant was supposed to process the plaintiff's grievance to arbitrate [sic] based on the terms of the [CBA]," (Statement of Claim, at ¶ 7); (5) that her claim is that defendant "breached its duty of fair representation * * * by not processing [her] grievance to arbitration," (Statement of Claim, at ¶ 7); and (6) that defendant's "negligence to provide fair representation was clearly a breach of contract which violated the [CBA]," (Statement of Claim, at ¶ 8). Defendant subsequently withdrew its motion for a more definite statement, (Doc. No. 8), deemed plaintiff's statement of claim in her opposition to be her complaint and filed a motion seeking dismissal of the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim for relief.

II. Discussion

A. Standard of Review

The standard of review on a motion made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is that a plaintiff plead sufficient facts "to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). The pleading of specific facts is not required; rather a complaint need only give the defendant "fair notice of what the * * * claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); see also Arista

Records, LLC v. Doe 3, 604 F.3d 110, 119-20 (2d Cir. 2010)(accord). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Twombly, 550 U.S. at 555, 127 S.Ct. 1955). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557, 127 S.Ct. 1955). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. 544, 127 S.Ct. at 1959. The plausibility standard requires "more than a sheer possibility that defendant has acted unlawfully." Iqbal, 129 S.Ct. at 1949.

In deciding a motion pursuant to Rule 12(b)(6), the Court must liberally construe the claims, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. Matson v. Board of Education of City School District of New York, 631 F.3d 57, 63 (2d Cir. 2011); Goldstein v. Pataki, 516 F.3d 50, 56 (2d Cir. 2008); see also Ruston v. Town Board for Town of Skaneateles, 610 F.3d 55, 59 (2d Cir. 2010), cert. denied, 131 S.Ct. 824, 178 L.Ed.2d 556 (2010) ("When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.") However, this tenet "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S.Ct. at 1949. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 1950; see also Ruston, 610 F.3d at 59 ("A court can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." (quotations and citations omitted)). Nonetheless, a

plaintiff is not required to plead "specific evidence or extra facts beyond what is needed to make the claim plausible." Arista Records, 604 F.3d at 120-1; see also Matson, 631 F.3d at 63 ("While a complaint need not contain detailed factual allegations, it requires more than an unadorned, the defendant-unlawfully-harmed-me accusation." (internal quotations and citation omitted)).

The Court must limit itself to the facts alleged in the complaint, which are accepted as true; to any documents attached to the complaint as exhibits or incorporated by reference therein; to matters of which judicial notice may be taken; or to documents upon the terms and effect of which the complaint "relies heavily" and which are, thus, rendered "integral" to the complaint. Chambers v. Time Warner, Inc., 282 F.3d 147, 152-153 (2d Cir. 2002) (citing International Audiotext Network, Inc. v. American Tel. and Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995)); see also DiFolco v. MSNBC Cable LLC, 622 F.3d 104, 111 (2d Cir. 2010).

B.  Duty of Fair Representation[3]

"The NLRA governs federal labor-relations law." 14 Penn Plaza LLC v. Pyett, 556 U.S. 247, 129 S. Ct. 1456, 1463, 173 L.Ed.2d 398 (2009); see also United Steelworkers of America, AFL-CIO-CLC v. Rawson, 495 U.S. 362, 373, 110 S. Ct. 1904, 109 L.Ed.2d 362 (1990);

---

[3] Although the complaint does not reference federal law, plaintiff's state law claims allege conduct that is within defendant's duty of fair representation and, thus, they are preempted by federal law. See, e.g. Zuckerman v. Volumes Services America, Inc., 304 F.Supp.2d 365, 373 (E.D.N.Y. 2004)(finding that the plaintiff's state law claim alleging that the union discriminated against her on account of her disability by failing to file a grievance on her behalf and to refer the matter to arbitration amounted to a claim for breach of the duty of fair representation and was, thus, preempted by federal law); Marrero v. City of New York, No. 02 Civ. 6634, 2003 WL 1621921, at * 3 (S.D.N.Y. Mar. 28, 2003)(finding that the plaintiff's claim alleging that the union failed to represent him fairly at grievance hearings imposed no new duty on the union that was not already required by the duty of fair representation and, thus, was preempted by federal law).

Marquez v. Screen Actors Guild, Inc., 525 U.S. 33, 44, 119 S. Ct. 292, 142 L.Ed.2d 242 (1998) ("When a labor organization has been selected as the exclusive representative of the employees in a bargaining unit, it has a duty, implied from its status under Section 9(a) of the NLRA as the exclusive representative of the employees in the unit, to represent all members fairly.") "The NLRA has been interpreted to impose a 'duty of fair representation' on labor unions, which a union breaches 'when its conduct toward a member of the bargaining unit is arbitrary, discriminatory, or in bad faith.'" 14 Penn Plaza, 556 U.S. 247, 129 S. Ct. at 1473 (quoting Marquez, 525 U.S. at 44, 119 S. Ct. 292); see also Vaca v. Sipes, 386 U.S. 171, 177, 87 S. Ct. 903, 17 L.Ed.2d 842 (1967). The duty of fair representation requires the union "to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct." Vaca, 386 U.S. at 177, 87 S.Ct. 903. This duty of fair representation applies both to a union's collective bargaining and to its enforcement of the resulting CBA. Id.

"A union's actions are 'arbitrary only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a wide range of reasonableness as to be irrational.'" Vaughn v. Air Line Pilots Ass'n, Int'l, 604 F.3d 703, 709 (2d Cir. 2010) (quoting Air Line Pilots Ass'n v. O'Neill, 499 U.S. 65, 67, 111 S. Ct. 1127, 113 L.Ed.2d 51 (1991)). "This 'wide range of reasonableness' gives the union room to make discretionary decisions and choices, even if those judgments are ultimately wrong." Marquez, 525 U.S. at 45-46, 119 S. Ct. 292. "A union's conduct can be classified as arbitrary only when it is irrational, when it is without a rational basis or explanation." Id. at 46, 119 S. Ct. 292. Neither "tactical errors" nor mere negligence are sufficient to show a breach of the duty of fair representation.

7

Vaughn, 604 F.3d at 709; see also United Steelworkers of America, 495 U.S. at 372-73, 110 S. Ct. 1904 (holding that generally, "mere negligence, even in the enforcement of a collective-bargaining agreement, would not state a claim for breach of the duty of fair representation.") "Any substantive examination of a union's performance * * * must be highly deferential, recognizing the wide latitude that negotiators need for the effective performance of their bargaining responsibilities." O'Neill, 499 U.S. at 78, 111 S. Ct. 1127; see also United Steelworkers, 495 U.S. at 374, 110 S. Ct. 1904 ("The doctrine of fair representation is an important check on the arbitrary exercise of union power, but it is a purposefully limited check, for a wide range of reasonableness must be allowed a statutory bargaining representative in serving the unit it represents." (quotations and citation omitted)).

Moreover, with respect to a claim that a union breached its duty of fair representation in the context of its enforcement of the grievance and arbitration procedures in a CBA, although "a union may not arbitrarily ignore a meritorious grievance or process it in a perfunctory fashion," an employee does not have "an absolute right to have his grievance taken to arbitration * * *." Vaca, 386 U.S. at 191, 87 S. Ct. 903. In Vaca, the Supreme Court noted, in relevant part:

> "In providing for a grievance and arbitration procedure which gives the union discretion to supervise the grievance machinery and to invoke arbitration, the employer and the union contemplate that each will endeavor in good faith to settle grievances short of arbitration. Through this settlement process, frivolous grievances are ended prior to the most costly and time-consuming step in the grievance procedures. Moreover, both sides are assured that similar complaints will be treated consistently, and major problem areas in the interpretation of the collective bargaining contract can be isolated and perhaps resolved. And finally, the settlement process furthers the interest of the union as statutory agent and as coauthor of the bargaining agreement in representing the employees in the enforcement of that agreement. (Citation omitted).
>
> If the individual employee could compel arbitration of his grievance regardless of

8

its merit, the settlement machinery provided by the contract would be substantially undermined, thus destroying the employer's confidence in the union's authority and returning the individual grievant to the vagaries of independent and unsystematic negotiation. Moreover, under such a rule, a significantly greater number of grievances would proceed to arbitration. (Footnote omitted) This would greatly increase the cost of the grievance machinery and could so overburden the arbitration process as to prevent it from functioning successfully. (Citations omitted). It can well be doubted whether the parties to collective bargaining agreements would long continue to provide for detailed grievance and arbitration procedures * * * if their power to settle the majority of grievances short of the costlier and more time-consuming steps was limited by a rule permitting the grievant unilaterally to invoke arbitration. Nor do we see substantial danger to the interests of the individual employee if his statutory agent is given the contractual power honestly and in good faith to settle grievances short of arbitration. For these reasons, * * * a union does not breach its duty of fair representation, and thereby open up a suit by the employee for breach of contract, merely because it settled the grievance short of arbitration."

386 U.S. at 191-92, 87 S. Ct. 903. "In administering the grievance and arbitration machinery as statutory agent of the employees, a union must, in good faith and in a nonarbitrary manner, make decisions as to the merits of particular grievances." Id. at 194, 87 S. Ct. 903.

Plaintiff alleges only that the union acted negligently in failing to pursue her grievance to arbitration. (See Statement of Claim, ¶8). Even accepting plaintiff's allegations as true, defendant's failure to pursue plaintiff's grievance to arbitration was not "so far outside a wide range of reasonableness as to be irrational." O'Neill, 499 U.S. at 67, 111 S. Ct. 1127 (quotations and citations omitted). Indeed, plaintiff does not allege that the union's pursuit of her grievance through a final decision by the Hospital was perfunctory; that her grievance was meritorious; that any union officer was hostile or discriminatory to her; or that the union acted in bad faith.[4] Plaintiff's conclusory allegation that defendant acted negligently, unsupported by any factual

---

[4] Moreover, by failing to oppose the motion to dismiss, plaintiff has not rebutted defendant's assertion that it did not pursue arbitration because her grievance was without merit insofar as she was terminated for cause.

9

allegations, is insufficient to state a claim for breach of the duty of fair representation. Accordingly, defendant's motion is granted and the complaint is dismissed in its entirety with prejudice for failure to state a claim.

III. Conclusion

For the reasons stated herein, defendant's motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is granted and the complaint is dismissed in its entirety with prejudice for failure to state a claim for relief. The Clerk of the Court is directed to service notice of entry of this Order on all parties in accordance with Rule 77(d)(1) of the Federal Rules of Civil Procedure, including mailing a copy of the Order to the *pro se* plaintiff at her last known address, see Fed. R. Civ. P. 5(b)(2)(C).

SO ORDERED.

/s/ SANDRA J. FEUERSTEIN
SANDRA J. FEUERSTEIN
United States District Judge

Dated: January 11, 2012
      Central Islip, N.Y.